IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| In Re: | * | |
| | * | |
| W.P.I.P., INC. | * | Case No.: 13-12517 |
| | * | Chapter 11 |
| | * | |
|     Debtor. | * | |
| | * | |
| IN RE: | * | |
| | * | |
| MANUS EDWARD SUDDRETH, | * | Case No.:13-12978 |
| | * | Chapter 11 |
|     Debtor. | * | Jointly Administered |
| | * | |

**DEBTOR W.P.I.P.'s MOTION TO ALTER OR AMEND ORDER
DETERMINING VALUATION OF COLLATERAL AND SECURED STATUS**

Debtor, W.P.I.P., Inc. ("WPIP"), movant, by its attorneys, James M. Greenan and Craig M. Palik and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., files this Motion to Alter or Amend Order Determining Valuation of Collateral and Secured Status entered on October 2, 2014 (the "Motion to Alter or Amend") and in support thereof, states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1.  On July 7, 2014, Debtor, WPIP, Inc., ("Debtor"), filed two Motions to Value Collateral and Determine Secured Status (the "Motions"), pursuant to 11 U.S.C. §§502 and 506 and Rule 3012 of the Federal Rules of Bankruptcy Procedure with respect to a first priority lien securing a claim of First National Bank of Pennsylvania ("FNB") in the amount of $1,472,871.61 (the "First DOT") (See Claim 3-1) and a second priority lien securing a claim of FNB in the amount of $1,504,605.60 (the "Second DOT") (See

Claim No. 4-1) against the property commonly known as 601 W. Patapsco, Avenue, Baltimore, Maryland 21225 (the "Subject Property").

2. An evidentiary hearing was scheduled and held on September 3, 2014. The hearing could not be completed on September 3, 2014, and was continued to September 22, 2014 at 9:30 a.m.

3. On Friday, September 19, 2014 at approximately 1:40 p.m. FNB, by counsel, e-mailed a supplement to the previously filed appraisal report filed by FNB in this case (the "Supplement to Appraisal").  The Supplement to Appraisal contained certain corrections and additions to the appraisal report resulting in a change in the value to the initial appraisal report from $3,300,000 to $3,000,000 based upon a reconsideration of a deduction for site improvements to the Subject Property and the inclusion of a sale of property owned by Reliable Professional Services, Inc., (the "Reliable Property") located adjacent to the subject for $575,000, with certain adjustments.

4. The Supplement to Appraisal was not received by Debtor's counsel until late on the Friday afternoon preceding the hearing scheduled for Monday, September 22, 2014.   One of the conclusions reached by FNB's appraiser in the Supplement to Appraisal was that the Reliable Property contained only 4.0 acres of usable land.  This assertion was purported to be based upon information obtained from a broker, "Costar," involved with the last sale transaction of the Reliable Property in March of 2013.  This information was previously unknown to Debtor.

5. The sale of the Reliable Property was previously identified as a comparable sale by the Debtor's appraiser, John Hentschel, and was included in the Debtor's appraisal report admitted into evidence on September 3, 2014.  However, Mr.

Hentschel testified that despite multiple attempts to contact the Reliable Property owner to determine the characteristics of the property and the owner's intended use, he could not obtain any such information.

6. The Debtor requested on an emergency basis a continuance and argued that the provision of this information in the Supplement to Appraisal for the first time and less than one business day prior to the hearing left insufficient time for Debtor and Debtor's appraiser to attempt to independently confirm this information with the newly identified broker for purposes of cross examination and/or rebuttal testimony or to adequately prepare for the hearing. The emergency request for a continuance was denied.

7. The Court ultimately determined that the value of the Subject Property was $2,500,000.00. The rationale for the Court's ruling was largely based upon the acceptance of FNB's appraiser's testimony and the Court's belief that the recent sale of the Reliable Property supported a valuation of $150,000.00 per usable acre ($575,000 for four usable acres). Because the Subject Property owned by the Debtor consisted of 20 usable acres, the Court then determined that the value of the collateral was $3,000,000.00. From this figure the Court subtracted $400,000.00 for improvements needed to bring the Subject Property to its highest and best use and further subtracted $100,000.00 given that the Subject Property was a former landfill.

8. Subsequent to the hearing held on September 22, 2014, representatives of the Debtor have been able to gain access to information not available previously concerning the Reliable Property and to speak with the owner of Reliable Professional Services, Inc.

9. Based upon information newly obtained from the owner of Reliable Professional Services, Inc. the usable acreage of the Reliable Property is far in excess of four acres, in direct contrast to the testimony of FNB's Appraiser. A Declaration has been prepared and provided to the Reliable Property owner and the Debtor is presently awaiting a signature on this Declaration. The Debtor anticipates obtaining the Declaration back from the property owner, which will be supplemented to the Motion immediately upon receipt.

10. In light of this newly discovered evidence, the Debtor requests that the Court grant its Motion to Alter or Amend such that the Reliable Property owner may be permitted to provide testimony under oath regarding the actual usable acreage of the Reliable Property.

## THE STANDARD FOR RECONSIDERATION UNDER FED.R.BANKR.P 9023 AND FED.R.CIV.P 59(e)

Reconsideration under Bankruptcy Rule 9023 may be granted provided one of three specific grounds is satisfied: "(1) to accommodate an inventing change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112, (4th Cir. 1997); See also Potter v. Potter, 199 F.R.D. 550, 552 (D.Md.2001) (citing cases). The ability to amend prior rulings under Rules 59 and 60 is within the discretion of the Court. National Metal Finishing Co. v. BarclaysAmerican/Commercial, 899 F.2d 119, 125 (1st Cir.1990). A Rule 59(e) motion is not proper, however, if it simply reiterates arguments already made and considered. Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D.Va.1977) (stating that a Rule 59(e) motion is not "intended to give an unhappy litigant one additional chance to sway the judge.")

**ARGUMENT**

The basis for the Debtor's Motion to Alter or Amend is two-fold. First it rests upon newly-discovered evidence that was not available at trial due to the lack of notice and opportunity provided to the Debtor and the inability to properly respond to information advanced by FNB's appraiser concerning the usable acreage of the Reliable Property. The Supplement to Appraisal, provided in the afternoon less than one business day in advance of trial presented an unfair surprise that Debtor did not have adequate time to respond to or to prepare for a proper rebuttal. The Debtor requests that the Court grant its Motion to Alter or Amend so that it may rebut the testimony of FNB's appraiser that the Reliable Property contains only four usable acres. Second, it is necessary for the court to take into consideration this evidence to correct a clear error and to prevent manifest injustice such that the proper result is achieved and the Subject Property justly valued. Considering that the Reliable Property has substantially more than four acres, the Order Determining Valuation of Collateral and Secured Status entered on October 2, 2014 has significantly overvalued the Subject Property.

   A. **Newly Discovered Evidence**

With respect to a Motion to Alter or Amend under Rule 59(e), a party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." Small v. Hunt, 98 F.3d 789, 798 (4th Cir.1996) (quoting RGI, Inc. v. Unified Indus., Inc., 963 F.2d 658, 662 (4th Cir.1992)). The Fourth Circuit Court of Appeals has also previously addressed the standard to be imposed in the evaluation of a Rule 59 motion on the grounds of newly discovered evidence:

> The standard for granting a Rule 59 motion based on newly discovered evidence is high. The moving party must show:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.
>
> Boryan vs U.S., 884 F.2d at 771 (citing Fed.R.Civ.P. 60).
> ....
>    [T]o support a motion for reconsideration, the movant is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing.... Evidence that is available to a party prior to entry of judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law.
>
> Id. (quotations and citations omitted).

In this case, subsequent to trial, the Debtor has been able to obtain newly discovered evidence directly from the owner of the Reliable Property confirming that the usable acreage is substantially in excess of the four acres testified to by FNB's appraiser. Due diligence has been exercised on the part of the Debtor as (1) the Debtor's appraiser testified to multiple unsuccessful attempts to obtain this information prior to trial and (2) the Debtor has acted diligently in attempting to follow-up with additional sources post-trial and has, in fact, made contact with the Owner of the Reliable Property post-trial. The evidence requested by the Debtor to be presented and reconsidered is not solely cumulative or for purposes of impeachment, but material to the valuation of the Subject Property considering the weight given by the Court to FNB's appraiser testimony that the Reliable Property contained only four usable acres. The Debtor sincerely believes that the testimony to be provided under oath will produce a new outcome regarding the valuation of the property, because it will clearly demonstrate that the best and most reliable

comparable sale – the property right next door – has a valuation that is substantially less than the $150,000.00 per acre relied upon by the Court.

The Debtor avers that it could not with reasonable diligence have discovered and produced such evidence at the hearing because multiple unsuccessful attempts were made in advance of the hearing.  The information that was provided by FNB's appraiser relative to the Reliable Property was further unknown prior the Supplement to Appraisal that was filed on the eve of trial.  The Debtor was unable to react in any meaningful way, such as could have been done if the information was contained in the FNB Appraisal from the outset.  Fairness dictates that the Debtor be provided this opportunity.

### B. Clear Error and Manifest Injustice

A review of the case law fails to provide a clear definition of the alternative standard for granting reconsideration of "the need to correct a clear error of law or to prevent manifest injustice."  As reasoned above, however, the Debtor asserts that it was not able to adequately prepare in advance of trial given the late supplementation of the FNB Appraisal on the eve of trial.  Accepting the valuation of the Reliable Property as justification for the $150,000 per acre valuation applied by the Court to the Subject Property is incorrect and results in a manifest injustice.  The Court should grant this Motion to Alter or Amend in order to permit additional evidence to be presented regarding the usable acres of the Reliable Property.  Only with this information will the Court reach a value for the Subject Property that is fair and just.

**WHEREFORE**, W.P.I.P., Inc. respectfully requests that this Court grant the Debtor's Motion for to Alter or Amend by permitting it to present newly-discovered

evidence to and provide any additional and further relief as the interests of justice may require.

Respectfully submitted,

/s/ Craig M. Palik
_____
James M. Greenan, Esq. (#08623)
Craig M. Palik, Esq. (#15254)
McNamee, Hosea, Jernigan, Kim,
Greenan & Walker, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
cpalik@mhlawyers.com

Attorneys for W.P.I.P., Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of October, 2014, I served a copy of the foregoing Debtor's Motion to Alter or Amend, via first class mail, postage prepaid, and/or CM/ECF, as appropriate, on the following:

James Heidelbach, Esq.
Gephardt & Smith
One South Street, Suite 2200
Baltimore, MD 21202
jheid@gebsmith.com

Office of the United States Trustee
Attn: Hugh Bernstein
101 West Lombard Street, Suite 2625
Baltimore, MD 21201
hugh.m.bernstein@usdoj.gov

/s/ Craig M. Palik
_____
Craig M. Palik