IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MANUS EDWARD SUDDRETH | ) | |
| | ) | |
| Debtor. | ) | Case No. 13-12978-DER |
| | ) | (Chapter 11) |
| | ) | |
| DAVID HECKENDORF | ) | **Jointly Administered With** |
| P.O. Box 135 | ) | *In re: W.P.I.P., Inc.*, |
| Severna Park, MD 21146 | ) | **Case No. 13-12517-DER** |
| | ) | |
| v. | ) | |
| | ) | |
| MANUS EDWARD SUDDRETH, *Debtor* | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. § 362 AS TO
<u>Lot 5, Parcel A and Parcel B of the Waterwood Plat</u>
[SDAT Parcel ID Nos. 03-942-90101368, 03-942-90101370, and 03-942-90101371]**

David Heckendorf, by his undersigned counsel, moves for relief from the automatic stay pursuant to 11 U.S.C. § 362 and in support thereof states as follows:

<u>**Jurisdiction and Venue**</u>

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 362.

2. This is a contested matter under Federal Bankruptcy Rules of Procedure and Local Bankruptcy Rules 4001 and 9014.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

4. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(G).

**Background and Parties**

5. David Heckendorf (the "Movant") is a Maryland resident and a creditor in this proceeding.

6. On or about February 21, 2013 (the "Petition Date"), Manus Edward Suddreth (the "Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

7. On January 15, 2014, the Court entered an order providing for the joint administration of the Debtor's case with the case of W.P.I.P., Inc., Case No. 13-12517-DER [Doc. No. 108].

8. Since the filing of the Petition, no action against the Debtor or the Debtor's property has been permitted as a result of the automatic stay pursuant to § 362 of the Bankruptcy Code.

9. Pursuant to a Purchase Money Deed of Trust and Security Agreement dated November 22, 2010 by the Debtor and for the benefit and consideration of the Movant (the "Deed of Trust"), the Debtor granted the Movant a security interest in the Debtor's interest in the real property and all improvements thereon known and designated as Lot 5, Parcel A and Parcel B of the therein noted Waterwood plats [SDAT Parcel ID Nos. 03-942-90101368, 03-942-90101370, and 03-942-90101371] (the "Properties"), as security for the amounts owed by the Debtor under a promissory note of the same date (the "Note").  A copy of the Note is attached hereto as **Exhibit A**.

10. The Note provides for repayment of the $285,000 purchase money consideration advanced by Movant to the Debtor in amortized payments at six percent (6.0%) and payment in full within five (5) years.

11. The Movant's security interest was perfected against the Properties as the Deed of Trust was recorded among the Land Records for Anne Arundel County at Liber 22926, folio 451.  A

copy of the recorded Deed of Trust is attached hereto as **Exhibit B.**

12. The Debtor's filed Schedules (the "Schedules") [Doc. No. 17] reflect that the Movant is secured by the Debtor's interest in the Properties, which the Debtor valued at $87,274.00.

13. The Debtor's current proposed plan of reorganization (the "Chapter 11 Plan") [Case no. 13-12517-DER, Doc. No. 221] provides, *inter alia*, for treatment of Movant's claim against the Properties as a secured claim to the extent of $49,000.00 against Parcel A and Lot 5 of the Properties to be paid at amortized rate of three percent (3.0%), with interest only payments for five years, and payment in full in fifteen (15) years.

14. As of the Petition Date, the balance due under the Note by the Debtor to Movant was Two Hundred Thirty-Five Thousand, Sixteen Dollars and Forty-Eight Cents ($235,016.48). The Debtor's Schedule D states a balance of $285,000.00 due to Movant under the Note.

15. The Debtor is in default on the payments of installments due under the Note. As of the date of this Motion, the Debtor has failed to make the payments due and owing for the months of February 2013 through January 2015.

16. The total amount due under the Note as of February 1, 2015 is as follows:

| | |
|---|---|
| Principal: | 234,400.48 |
| Interest: | 26,739.82 |
| **TOTAL:** | **$261,140.30** |

### Relief from the Stay

17. In view of the outstanding balance on the Note and, thus, encumbrance against the Properties, the Debtor has no equity in same.

18. The Debtor's Schedules and Chapter 11 Plan confirm the lack of equity in the Properties.

19. The Debtor's Schedules and Chapter 11 Plan do not indicate that the Properties are necessary to an effective reorganization of the Debtor.

20. Considering the lack of payments to Movant, the Debtor has and will not adequately protect Movant's secured interest in the Properties and the Properties are not income-producing and, therefore, not necessary to the Debtor's reorganization.

21. The Debtor's Chapter 11 Plan does not provide for treatment of the Movant's secured claim against Parcel B and, thus, presumably the Debtor intends to surrender this parcel.

22. Despite the provisions of the Debtor's Chapter 11 Plan providing for monthly payments to the Movant prior to confirmation of the Chapter 11 Plan and the filing of motion to value collateral under 11 U.S.C. § 506, the Debtor has not made monthly payments to the Movant since March 6, 2013, nor has a valuation motion been filed.

23. Furthermore, the Debtor's Chapter 11 Plan seeks to significantly impair Movant's claim and repayment terms.

24. Accordingly, Movant lacks adequate protection and there is no equity in the Properties and the Properties are not necessary for an effective reorganization of the Debtor.

25. Movant avers that further additional cause exists for terminating the automatic stay.

26. Movant further avers that it is entitled to possession of the Property and to exercise all rights of a secured party under the Deed of Trust and under applicable state law.

27. Upon information and belief, if the stay is not lifted, Movant will suffer irreparable harm and damage.

28. Pursuant to Local Rule 9013-2, no memorandum in support will be filed and Movant will rely solely upon the Motion.

**WHEREFORE**, David Heckendorf, requests that this Court enter an Order:

(A) Terminating the automatic stay pursuant to 11 U.S.C. § 362;

(B) Granting that the terms as set forth herein shall have the meaning as described in the Motion;

(C) Authorizing David Heckendorf to exercise all of his rights against the Properties under the Deed of Trust and applicable state law;

(D) Waiving the 14-day stay of this Court's Order as set forth in Bankruptcy Rule 4001(a)(3).; and

(E) Granting such other and further relief as may be just and proper.

Date: February 3, 2015   /s/ Joseph Selba
Lori Simpson, Bar No. 04075
Karen H. Moore, Bar No. 10510
Joseph M. Selba, Bar No. 29181
Law Office of Lori Simpson, LLC
1400 S. Charles Street
Baltimore, MD 21230
(410) 468-0054
jselba@lsimpsonlaw.com
*Counsel for David Heckendorf*